# 24-12079-D

# UNITED STATES COURT OF APPEALS FOR ELEVENTH CIRCUIT

### District Court Docket 23-cv-21894
### (U.S. District Court for the Southern District of Florida)

_____

### WORLD MEDIA ALLIANCE LABEL INC.

**Appellant-Plaintiff,**

**v.**

### BELIEVE SAS, aka BELIEVE Co., aka BELIEVE aka BELIEVE DIGITAL

**Appellee-Defendant**

_____

# REPLY BRIEF
# OF APPELLANTS-PLAINTIFFS
# WORLD MEDIA ALLIANCE LABEL INC.

_____

George Lambert, Esq.
The Lambert Law Firm Professional Corp.
DC bar 979327, FL bar 1022697, MA bar 568769
1025 Connecticut Ave., 1000 NW, Washington, D.C., 20036
421 Poinciana Drive, #1422, Sunny Isles Beach, FL 33160
Email: office.law.323@gmail.com
Tel. (305) 938 0600
Attorney for Appellant World Media Alliance Label Inc.

# LIST OF AUTHORITIES

| | |
|---|---|
| Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996) | 28 |
| Automattic Inc. v. Steiner, N.D.Cal.2015, 82 F.Supp.3d 1011 | 15 |
| Basaran v. Martin Data, LLC, 2021 WL 9614107, at *7 (N.D. Ga. Apr. 9, 2021) | 25 |
| Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) | 25 |
| Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) | 29 |
| Catherine Lawing v. Carnival, SDFL, Nov. 8, 2024, Slip Copy 2024 WL 4723114 | 27 |
| Convergen Energy LLC v. Brooks, No. 20-cv-3746, 2020 WL 4038353 (S.D.N.Y. July 17, 2020) | 15 |
| Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) | 7 |
| Dermansky v. Tel. Media, LLC, No. 19-CV-1149, 2020 WL 1233943 (E.D.N.Y. Mar. 13, 2020) | 9 |
| Dickinson Wright, PLLC, 244 So. 3d at 306 | 25 |
| DISH Network, L.L.C. v. Elahmad (C.A.5, 2024 WL 1008585) | 16-17 |
| DP Creations, LLC v. Adolly.com (2024 WL 4491924) | 14 |
| easyGroup Ltd. v. Skyscanner, Inc., No. 20-20062-CIV, 2020 WL 5500695, (S.D. Fla. Sept. 11, 2020) | 19 |

| | |
|---|---|
| Feist Publications, Inc. v. Rural Telephone Services Co., 499 U.S. 340 | 19 |
| Foman v. Davis, 371 U.S. 178, 182 (1962) | 27 |
| Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 359 (2021) | 17 |
| Funez v. CMI Leisure Management, Inc.  (SDFL, 2020), 482 F.Supp.3d 1252 | 25 |
| Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1250-51 (11th Cir. 2000) | 19 |
| Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 (11th Cir. 2006) | 27 |
| Gibbs, 383 U.S. at 725; Sullivan, 930 F.2d at 803 | 24 |
| Graham Ins. Group, Inc. v. Statronics, Inc., No. 10-cv-61904, 2011 WL 13217020 (S.D. Fla. Jan. 24, 2011) | 20 |
| International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 212 (5th Cir. 2016) | 10 |
| Jackson v. City of Atlanta, Georgia, C.A.11, Apr. 5, 2024, 97 F.4th 1343 | 8 |
| Jerstad v. N.Y. Vintners LLC, 18-CV-10470 (JGK) (OTW), 2019 WL 6769431 (S.D.N.Y. Dec. 12, 2019) | 10 |
| Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 473 (5th Cir. 2006) | 17 |
| Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) | 18 |
| Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 (11th Cir. 1984) | 26 |
| Md. Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 | 22 |
| MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 | 22 |

| | |
|---|---|
| Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988) | 18 |
| Ohio River Co. v. Carrillo, C.A.7 (Ill.) 1985, 754 F.2d 236 | 8 |
| Otter Products, LLC v. Stage Two Nine, LLC, 2019 WL 570642, *4, D.Colo. | 21 |
| Pastime LLC v. Schreiber, SDNY, 2017, 705 F.Supp.3d 95 | 21 |
| Peacock v. Thomas, 516 U.S. 349, 355 (1996) | 24, 27 |
| Rizack v. Signature Bank, N. A., 267 So. 3d 24 (Fla. 4th DCA 2019) | 25 |
| SmileDirectClub, LLC v. Battle, 4 F.4th 1274, 1278 (11th Cir. 2021) | 7 |
| Sullivan v. Scoular Grain Co. of Utah, 930 F.2d 798, 803 (10th Cir. 1991) | 24 |
| Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) | 27 |
| United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966) | 24 |
| Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698–99 (1988) | 15 |
| Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) | 28 |
| Wolf v. Celebrity Cruises, Inc., 683, F. App'x 786, 792 (11th Cir. 2017) | 25 |
| Wright v. Miah, EDNY, Sept 23, 2023, not reported 2023 WL 6219435 | 9 |
| Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 109 (2d Cir. 2001) | 19 |

## TABLE OF CONTENTS

**INTRODUCTION**………………………………………………………………...4

1. **REGISTRATION OF BELIEVE IN THE UNITED STATES UNDER DMCA; DISMISSAL UNWARRANTED**………………………………...5

2. **RESPONSE TO APPELLEE'S STATEMENT OF JURISDICTION**….6

3. **RESPONSE TO APPELLEE'S STATEMENT OF THE ISSUES**………8

4. **RESPONSE TO THE APPELLEE'S STATEMENT OF THE CASE**….9

5. **TEST OF MINIMUM CONTACTS WAS SATISFIED IN THIS CASE**……………………………………………………………………10

6. **SHOWING OF PRECEDENT CONCERNING BELIEVE TO JURISDICTION IN SISTER DISTRICT COURTS**……………..…...……10

7. **EXTRACTS FROM RECORD IN SUPPORT OF JURISDICTION**….11

8. **BELIEVE'S ARGUMENT CONCERNING INTERFERENCE WITH BENEFICIAL BUSINESS RELATIONSHIP HAS NO MERIT**…...……13

9. **NEW CASES AND RECONFIRMATION OF PRIOR CASES**…...……14

10. **PRIME FACIE SHOWING OF JURISDITION MADE IN OPPOSITION TO MOTION TO DISMISS**………………………..……17

11. **INTERFERENCE WITH BENEFICIAL BUSINESS RELATIONS, COUNT V, MISSTATED BY BELIEF**………………………...……19

12. **DISTRICT COURT'S CONSIDERING ALLEGED DECISIONS OF RUSSIAN COURTS WAS NOT WARRANTED**………………..……22

13. **JURISDICTIONAL DISCOVERY SHOULD BE ALLOWED**……….24

14. **LEAVE TO AMEND SHOULD BE GRANTED; BELIEVE SHOWED NO GROUNDS OTHERWISE**…………………………………..26

**15. DENIAL OF MOTION UNDER RULE 59(e) WITHOUT ANY EXPLANATION WAS NOT IN CONFORMITY WITH THE CASE LAW**……………………………………………………………………,28

**CONCLUSION…**………,,……………………………………………………29

## CERTIFICATE OF INTERESTED PARTIES

Pursuant to 11th Cir. R. 26.1-2, Appellant-Plaintiff certifies that the following persons have or may have an interest in the outcome of this case or appeal, in addition to the one entity named in Appellant's Reply Brief:

Believe SAS,

Believe SA (BLV),

Upbeat Bidco, 96% owner of Believe SA,

Lambert, George, Esq., counsel for Appellant

Lovelady, Allison S., Esq., counsel for Appellee

Moreno, The Honorable Federico A., presiding U.S. District Judge

Shullman Fugate PLLC, counsel for Appellee

The George Lambert Law Firm, counsel for Appellant

Other than the above, Appellant-Plaintiff World Media Alliance Label Inc. is unaware of persons, associated persons, firms, partnerships, or corporations that have, other than itself, a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party.

**CORPORATE DISCLOSURE STATEMENT**

Appellant-Plaintiff World Media Alliance Label Inc. respectfully states that it has no parent corporation and/or any publicly held corporation owning 10% or more of its stock.

Dated: November 22, 2024.

Respectfully submitted,

By: _/s/ George Lambert__
George Lambert, Esq.
Fl Bar 1022697 The Lambert Law Firm Prof. Corp. 323
Sunny Isles Boulevard Suite 700
Sunny Isles Beach, FL 33160 (305)938-0600
Fax: (800)852-1950
Email: office.law.323@gmail.com
Attorney for Appellants-Plaintiffs,
World Media Alliance Label, Inc.

2

## STATEMENT REGARDING ORAL ARGUMENT

The record is limited since this matter was decided in the early stages of litigation, and the relevant federal statutes and international treaties are clear, as well as case law, within this circuit, well-settled, and self-explanatory. Appellant does not believe that oral argument is necessary in this case.

## INTRODUCTION

In its Answering Brief, Believe SAS (Believe) ignored numerous issues that were highly relevant to asserting jurisdiction over that entity in the U.S. District Court. The record shows that Appellant World Media Alliance Label Inc. (WMA) submitted sufficient information for asserting jurisdiction in this case, but the U.S. District Court has not addressed a significant portion of the record.[1]

Believe failed to address in its Answering brief the fact of Believe's registration in the United States in the database under the URL link (omitted here).

The registration, under Believe's application, states as follows:

"DMCA Designated Agent Directory
Service Provider History: Effective: February 6, 2024, to Present (Active)
Service Provider/Designated Agent Information
Service Provider: Believe, 24 rue Toulouse Lautrec, Paris, 75017, France
Designated Agent: Claim Administrator
Believe, 24 rue Toulouse Lautrec, Paris, 75017, France
Phone: +33 153093400, Email: Believe.takedowns@believe.com
Status: Active, Effective: February 6, 2024 to Present
Alternative names: Believe Digital, Believe Direct, Believe SA, Believe SAS."

See APP 213.

Believe's ignoring its own registration under DMCA in the United States is contrary to the basics of the statutory framework for copyright protection.

---

[1] Believe's being defendant in the cases in U.S. District Courts has not been addressed. Those cases include *Art Records, LLC v. YouTube, LLC et al.* (D.Cent.Cal., Western Div., Los Angeles), case #: 2:22-cv-05179-DSF-KS; SA Music, LLC et al. v. Apple, Inc. et al. (D.Cent.Cal., Western Div., Los Angeles), case #: 2:19-cv-04073-JFW-RAO. See APP 218.

**1. REGISTRATION OF BELIEVE IN THE UNITED STATES UNDER DMCA; DISMISSAL UNWARRANTED.**

It is unconscionable that Believe, by way of its registration in the U.S., receives all benefits from the U.S. market, and yet, as it follows from the dismissal, it is out of reach to be sued in the U.S., in particular in the U.S. District Court for the Southern District of Florida, in the location, where it caused injury to a Florida corporation. Generally, Believe, operating online, collects very significant revenues from the United States market, collecting payments online.

Believe failed to respond to the fact that Believe got registered on DMCA's portal, thus claiming the benefits, rights, and protections arising from the American market for video materials copyright. Believe should not be allowed to claim the benefits in the USA but avoid, inter alia, even the liability for violating the copyright held by the U.S. copyright holders, such as WMA.

Believe's Answering Brief is strikingly defective because it completely ignores the main issues raised in WMA's Opening Brief.

WMA made the prima facie showing of jurisdiction, which was all that was required short of an evidentiary hearing, which was never scheduled. The District Court, regrettably, did not consider that the Verified Complaint (VC), WMA's Opposition to the Motion to Dismiss (MTD), and the Rule 59(e) Motion made sufficient prima facie showing. That showing was enhanced by the DMCA, a part of the federal statutory law enacted in 1998. The pleading, VC, expressly stated in

5

its Paragraph 18. *"The copyright to the artistic works in question, held by WMA, is controlled, in addition to contractual terms with the artists and their musical group, by the terms of the Digital Millennium Copyright Act (DMCA), and the information is located at* https://dmca.copyright.gov/. APP 17. Believe's Answering Brief mentioned DMCA *only* in a quotation from WMA's Brief. Believe did not discuss DMCA's effect on the jurisdiction of the Federal Courts to enforce the federal statutes, under one of which Believe was registered.

Believe completely ignored WMA's argument that the District Court, regrettably, did not consider that jurisdiction over an alleged French copyright violator to rest on the WIPO Copyright Treaty… in which both the USA and France are participants. Believe's Answering Brief failed to address another federal law issue: the District Court did not consider the Unites States' and France's obligations under the WIPO Performances and Phonograms Treaty, in force for the USA and France since 2009.

## 2. RESPONSE TO APPELLEE'S STATEMENT OF JURISDICTION

Believe made an unusual argument: if the U.S. District Court has ruled it had no jurisdiction based on "diversity of citizenship" and ignored the question of federal law, then the U.S. Court of Appeals lacks jurisdiction. Appellee states: "…it is unclear how this Court has appellate jurisdiction over the orders on appeal— particularly when neither order is a judgment or contains language indicating finality, and there is no authority for interlocutory review thereof." Ans. Br., p. 1

(followed by an inexplicable long blank space). However, Believe fails to recognize the governing statute, 28 U.S. Code § 1291, '*Final decisions of district courts*.' All it takes is the finality of the Order of the U.S. District Court. The statute expressly states that the U.S. Court of Appeals: "…shall have jurisdiction" of appeals from all final decisions of the district courts of the United States. Here, the finality of the Order to Dismiss the case is clear.

Consequently, it is axiomatic that this Court has jurisdiction to review the final Order of the District Court to dismiss the case and to determine whether or not the final Order was in error, and the District Court does have jurisdiction. Here, a dismissal of an action against a French company despite the provisions of the Federal Law is one of the typical situations where the U.S. Court of Appeals has jurisdiction without a final judgment. Based on that dismissal, WMA will be unable to file an action in any court in the United States because the collateral estoppel doctrine will bind it. "…[U]nder the collateral order doctrine, a party may immediately appeal an order under 28 U.S.C. § 1291 before final judgment if that order satisfies three conditions. See *SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1278 (11th Cir. 2021). "The 'order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.' " Id. See *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). See

*Jackson v. City of Atlanta, Georgia*, C.A.11, Apr. 5, 2024, 97 F.4th 1343.  See *Ohio River Co. v. Carrillo*, C.A.7 (Ill.) 1985, 754 F.2d 236.

### 3.  RESPONSE TO APPELLEE'S STATEMENT OF THE ISSUES

Unlike typical briefs, Believe also left, inexplicably, a long blank space over half a page in its Statement of Issues.

WMA disagrees with Believe's interpretation of the issues on WMA's appeal. Ans. Br. At 2.  WMA made a prima facie showing of jurisdiction over Believe. Without addressing WMA's points, Believe restated them in its own and strikingly different manner, disregarding WMA's issues on this appeal.  Believe's Answering Brief effectively ignores the main issues on appeal, as WMA posed it.  Believe could have filed a Cross-Appeal to state its own issues on appeal instead of misstating WMA's issues merely in its response to WMA.[2]

Instead of addressing the Opening Brief's points, Believe discussed, in a boilerplate approach, the case law concerning a long-arm jurisdiction under the state law of Florida, mostly missing WMA's points, avoiding to address the most important issues raised by WMA.

---

[2] To avoid prejudice, WMA has no choice but to repeat its Statement of Issues (with minor cuts): "1…the District Court did not consider that the VC specifically cited DMCA,..U.S.C. sections 17 U.S.C. §§ 512" et al… 2. The District Court did not consider that jurisdiction over an alleged French copyright violator to rest on the WIPO Copyright Treaty…"3. The District Court did not consider that the WIPO Performances and Phonograms Treaty…" 4. The District Court did not consider that both the U.S. and France are parties to these Treatises…" 5.  The District Court did not consider that… under DMCA… Believe's Brief did not address the above points.

## 4.  RESPONSE TO THE APPELLEE'S STATEMENT OF THE CASE

Believe's Answering Brief ignored the bases for the prima facie showing of the personal jurisdiction over Believe in this case, silencing the VC's allegations.

As a threshold issue, Believe could not—and did not--contest that it was lawfully served under the Hague Service Convention through the Ministry of Justice of France.  The next issue is that Believe ignored the allegations based on DMCA. Notably, "[T]he Copyright Act and the DMCA protect different interests."); see *Dermansky v. Tel. Media, LLC*, No. 19-CV-1149, 2020 WL 1233943, at *6 (E.D.N.Y. Mar. 13, 2020) ("[B]ecause the DMCA and Copyright Act have different elements and are intended to deter somewhat different conduct, the Court should undertake a separate damages analysis for each claim."). *Wright v. Miah*, EDNY, Sept 23, 2023, not reported 2023 WL 6219435.

Unfortunately for WMA, the District Court did not address the issues arising from the DMCA.  That omission, respectfully, did not take into account the allegations stated in the VC.  To quote:

> "18. The copyright to the artistic works in question, held by WMA, is controlled, in addition to contractual terms with the artists and their musical group, by the terms of the Digital Millennium Copyright Act (DMCA), and the information is located at https://dmca.copyright.gov/."  APP 17.

> "40. In its letters to BELIEVE, WMA correctly stated the demand as follows: "Your failure to comply with the provisions of 17 U.S.C. 512 may result in liability for direct copyright infringement, since in accordance with 17 U.S.C. 512(C),.."

### 5. TEST OF MINIMUM CONTACTS WAS SATISFIED IN THIS CASE.

The case law provides for the clause of "certain minimum contacts" sufficient for asserting jurisdiction, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd*., 818 F.3d 193, 212.

The Court below has subject matter jurisdiction over the action, in particular, pursuant to 28 U.S.C. §§ 1331 and 1338.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights and trademarks."); see *also Jerstad v. N.Y. Vintners LLC*, 18-CV-10470, 2019 WL 6769431, at *2 (S.D.N.Y. Dec. 12, 2019) (the district court had subject matter jurisdiction over plaintiff's copyright infringement and DMCA claims).

### 6. SHOWING OF PRECEDENT CONCERNING BELIEVE SUBJECT TO JURISDICTION IN SISTER DISTRICT COURTS.

The Answering Brief does not mention the precedent on which WMA relies, pled in the VC: "That is not the first instance of litigation in the U.S. against BELIEVE. That French company has been accused of copyright trolling, particularly on YOUTUBE, where it has been alleged to engage in claiming copyright for works that they do not own the rights to. For example, that French company was the subject

of a New York federal lawsuit alleging they were behind large-scale, willful copyright infringement. In that previous instance, BELIEVE was sued in New York by an American music publisher Round Hill Music...."    APP 12.  Believe did not respond to that argument.

## 7.  EXTRACTS FROM RECORD IN SUPPORT OF JURISDICTION.

WMA has no choice but to highlight, in a bullet point format, the grounds for showing prima facie basis for jurisdiction over Believe:

- "… WMA complains that BELIEVE has infringed copyrights for at least 44 works and YOUTUBE for 25 works, posting audio and video recordings on the Internet without copyright, license, or permission. The maximum recovery allowed by the statutes is $250,000 per violation. By way of that previous precedent in New York and the statutes' limitations, WMA states a claim against BELIEVE for $11,000,000 2. …."

- "**…BELIEVE has posted on its web platform as though BELIEVE had assumably copyright, which was false**."[3]

- "The venue is proper because WMA, a Florida corporation, has copyright, and infringement of their rights has effect in Florida, where **WMA is deprived of a portion of their revenues**."[4]

- "18. **The copyright to the artistic works in question, held by WMA,** is controlled, in addition to contractual terms with the artists and their musical

---

[3] See discussion on the dispute over the substantive rights elsewhere in this Brief.

[4] As stated in the record, the formal address of the entity operating the DMCA is U.S. Copyright Office, 101 Independence Ave., SE Washington DC, 20559. APP 214. However, that does not mean that actions like the present one should assert jurisdiction in Washington, D.C., where Believe got the DMCA registration. Instead, WMA has shown that Believe's activities causing it damages in Florida.
.

group, by the terms of the Digital Millennium Copyright Act (DMCA), and the information is located at https://dmca.copyright.gov/."

- "30. As cited above, the **infringing party is BELIEVE** for the list of the first 44 links and YOUTUBE for a supplemental list of 25 links."

- "35…BELIEVE is a defendant in a lawsuit brought by a music publishing firm in New York, accusing BELIEVE of violating copyright concerning 219 artistic works."

- "39. **Since early 2021, WMA sent to BELIEVE over ten separate warnings, objections, letters and demands to take from its platform the video recordings that were unlawfully usurped...**"

- "40. In its letters to BELIEVE, WMA correctly stated the demand as follows: "Your failure to comply with the provisions of 17 U.S.C. 512 may result in liability for direct copyright infringement, since in accordance with 17 U.S.C. 512(C), any safe harbor provisions of the Digital Millennium Copyright Act (DMCA) that protect online service providers….""

- "41. WMA's warning and demand letters further stated: "Your failure to act expeditiously to remove, disable access to the infringing material located at the Infringing URLs upon notification of claimed infringement…as a result of us emailing you at the email address of your Designated Copyright Agent may result in liability… as per 17 U.S.C. 504"

- "47. BELIEVE has ignored the warning and demands sent by WMA to BELIEVE's legal department and operating departments, with no result, leaving WMA no other remedy other than filing the present lawsuit."

- "53 [S]ince early 2021, WMA sent to BELIEVE over ten separate warnings, objections, letters, and demands to take from its platform the video recordings that were unlawfully usurped and used for commercial gain on the Internet."

- "54. BELIEVE did not respond to any of those warnings and demands and continues to make commercial use of the recordings, to which WMA owns rights."

- "55. Relief… is controlled by statute, 17 U.S. Code § 502 'Remedies for infringement: Injunctions.' 56. While the infringing party, BELIEVE, unlawfully posting the recordings infringing the copyright of WMA..."

## 8. BELIEVE'S ARGUMENT CONCERNING INTERFERENCE WITH BENEFICIAL BUSINESS RELATIONSHIP HAS NO MERIT.

Belief's Answering Brief, as previously the Order of Dismissal, did not discuss Count V asserted in the VC, with specific language as follows: 'INTERFERENCE WITH BENEFICIAL BUSINESS RELATIONSHIPS.' (STATED AGAINST DEFENDANT BELIEVE ONLY).  APP 34 (capital letters retained).

Since Believe focuses on what was in the VC, it suffices to quote:

- "73. Plaintiffs incorporate by reference the allegations in Paragraphs 1 to 47 and further state as follows."

- "74. By infringing copyrights, usurping the rights to post recordings, and violating the statutes in the United States, **BELIEVE interfered with WMA's beneficial business relationship with Tender May and its leader and producer, Razin**.

- "75. The facts stated herewith satisfy the elements of a claim for tortious interference with a contract are (1) the existence of a contract or business relation, (2) the defendant's knowledge of the contract or business relation, (3) intentional interference by the defendant with the contract or business, and (4) damage to the plaintiff as a result of the defendant's interference."

13

- "76. WHEREFORE, WMA is entitled to seek damages against BELIEVE for interference with the beneficial business relationship with Tender May and Razin. The amount of damages, separate and in addition to statutory damages, is to be established at the trial."

Believe completely failed to address how Believe's interference with the beneficial relationship of WMA with the musical groups, performers, and musicians, did not establish a prima facie assertion of jurisdiction over Believe, under the case law interpreting Florida's long-arm jurisdiction. There is no need to repeat those one more time. When Believe argued that WMA made no reference to certain statutes in the VC, it failed to recognize that references to all applicable statutes are not necessary, needed or warranted, especially where the VC already contains other references to the federal law ("WMA made no reference in the complaint to "personal jurisdiction," to Florida's long-arm statute (§ 48.193, Florida Statutes)." The VC attached 4 Exhibits that showed proof of WMA's numerous cease-and-desist letters sent to Believe's take-down online platform.

### 9.  NEW CASES AND RECONFIRMATION OF PRIOR CASES.

WMA requests the Court's permission to refer to a case appearing weeks before the present Brief is filed. On October 15, 2024, the Tenth Circuit entered the opinion in *DP Creations, LLC v. Adolly.com*, which has not been published (2024 WL 4491924). Since the ruling precedes the date of this Brief, there is no need to file a Notice of supplemental authority; relying on it is proper here. The 10th Circuit

provided an interpretation of the clause in 17 USC § 512 'Limitations on liability relating to material online," to quote the relevant section: (D) …if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found, and that the subscriber will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person."

Both of these conditions are satisfied in this case.  Namely, Believe, transmitting its video materials in violation of the copyright, can be found in Florida, where its transmissions online can be received.  Additionally, Believe has been served the process.  It was served through the Ministry of Justice of France, which recognized and endorsed the validity of service on Believe effected in Paris, France. On service overseas in similar cases of DMCA violations, see *Automattic Inc. v. Steiner*, N.D.Cal.2015, 82 F.Supp.3d 1011.  Believe was served under the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, of 1965, in which France participates.  That is consistent with prior cases.[5]

---

[5] Believe does not contest that it was served under the Hague Service Convention, designed "to assure that defendants sued in foreign jurisdictions would receive actual of suit ... by a method prescribed by the internal law of the receiving state or by a method ... compatible with that law," *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988); see also *Convergen Energy LLC v. Brooks*, No. 20-cv-3746, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020)

WMA also requests the Court's permission to bring its attention to a non-reported appellate case, *DISH Network, L.L.C. v. Elahmad* (C.A.5, 2024 WL 1008585, entered on March 8, 2024).    WMA acknowledges that citing an unpublished recent case is an exception that requires the Court's leave.  Even though it is unclear if that case will be published, in this case, leave is justified because it is persuasive and concerns very similar circumstances.  The difference is that in Dish, the violator is in Germany, and in this case, the violator is in France.  In that case, the 5th Circuit reversed and remanded, finding that there is jurisdiction over the German violator, even though his nexus to the U.S. was next to none, merely using Dish's copyrighted products.  In this case, likewise, WMA sent multiple notices of the infringement to the violator, Believe, which yielded no result.

In a mirror-like ruling, the Court ruled: "The district court denied the motion without prejudice, concluding that the court could not exercise personal jurisdiction over Elahmad because DISH did not allege or offer any evidence that Elahmad had any connections with Texas." Ibid. ""In applying Rule 4(k)(2) [we] must determine whether the defendant has sufficient ties to the United States as a whole to satisfy constitutional due process concerns." *Adams*, 364 F.3d at 651."  Ibid.

The difference is that Elahmad, based on the allegations, did not get registered under DMCA, and the nexus was even more challenging to establish.  Here, as compared, Believe is officially registered under DMCA, yet violates the copyright belonging to WMA, which is also registered under DMCA.  "To establish this kind

16

of jurisdiction, DISH first must show that Elahmad "purposefully avail[ed] [himself] of the privilege of conducting activities" in the *United States. Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,* 592 U.S. 351, 359 (2021)." Ibid. That is precisely the case here, while Believe is registered under DCMA. The court recognized: "[T]he analysis applicable to a case involving jurisdiction based on the Internet ... should not be different at its most basic level from any other personal jurisdiction case." *Pervasive Software*, 688 F.3d at 226–27. Furthermore, Believe failed to show that exercising jurisdiction over it would be unreasonable ("(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N' care, Ltd. v. Insta-Mix, Inc*., 438 F.3d 465, 473 (5th Cir. 2006)." Ibid, *Dish*.

### 10. PRIME FACIE SHOWING OF JURISDITION MADE IN OPPOSITION TO MOTION TO DISMISS.

To a large degree, Believe's Brief retold its prior opposition to the MTD which contained the enhanced statements showing the prima facie showing of the personal jurisdiction. However, WMA's points were clear and should have been addressed (quotation marks omitted).

- The Florida corporation's rights have been violated. The subject matter of the lawsuit is, inter alia, who owns the copyright to the identified video assets.

17

- Believe did not provide any evidence that it holds any rights to any musical assets to which WMA has copyright.  Believe speculates in its MTD that it holds copyright to all of the songs to which WMA has copyright. However, Believe failed to produce any certificates of its own.

- Since 2021, WMA directed Believe numerous requests to remove the content to which WMA has copyright, the "cease and desist" letters.

- It was Believe's obligation to respond to the "cease and desist" communications showing its certificates, if any. It is improper for a large organization such as Believe to perpetuate a sort of cyber piracy.

- WMA holds contracted copyright to the works published foremost on two official channels, of Andrei Razin, founder of Tender May Group https://www.youtube.com/@andreyrazinlaskoviymay Official Chanel, and of Tender May Group.

- Believe, acting out of France, caused very significant damages (in the millions of dollars) to WMA, a Florida corporation.

- In addressing whether personal jurisdiction over a nonresident defendant exists, "[t]he district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

- A court must conduct a two-part inquiry… general jurisdiction and specific jurisdiction. Fla.Stat. §§ 48.193(1)–(2); see also *easyGroup Ltd. v. Skyscanner, Inc*., No. 20-20062-CIV, 2020 WL 5500695, at *6 (S.D. Fla. Sept. 11, 2020). The court must also consider the Due Process Clause if the long-arm statute's requirements are satisfied under either general or specific jurisdiction. See *Future Tech. Today, Inc. v. OSF Healthcare Sys*., 218 F.3d 1247, 1250-51 (11th Cir. 2000).

- The analysis in the 11th Circuit conforms with the case law in other Circuits. See also *Feist Publications, Inc. v. Rural Telephone Services Co.,* 499 U.S. 340, 361…Registered copyrights are presumed valid. *Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101.   However, when opposing parties claim the ownership, that is different.

11. **INTERFERENCE WITH BENEFICIAL BUSINESS RELATIONS, COUNT V, MISSTATED BY BELIEF**.

The Order appealed from dedicated to the relevant claim only one sentence: "*The fifth claim is for interference with beneficial business relationships, asserting that Believe infringed copyrights, usurped the rights to post recordings, and violated statutes in the United States, thereby interfering with World Media Alliance's beneficial business relationship with Tender May and Razin*."   APP 7.   WMA's computerized search confirms that the term "interference" is found anywhere else in the Order dismissing the VC.

Attempting to fill in that void, Believe took another approach in its Brief, arguing that that claim may not be brought because it is preempted. To quote: "*Graham Ins. Group, Inc. v. Statronics, Inc.*, No. 10-cv-61904, 2011 WL 13217020, at *5 (S.D. Fla. Jan. 24, 2011) ("courts examining tortious interference claims grounded on the unauthorized use of copyrighted material have consistently found those claims preempted by the Act")" That unpublished case relied on the statute, 17 U.S.C. § 301(a) ("[a]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright… are governed exclusively by this title". AB 38.

However, Believe's reliance is inapplicable in this case. WMA has alleged that Believe wrongfully claimed to be a holder of the rights, alternative to the rights held by WMA. That is different. The dispute of who owns the rights should be resolved first. The preemption is controlled by §106.[6] That does not apply here because Believe claims that WMA is not the copyright owner; instead, Believe claims that it owns those rights, not WMA. That is a different controversy to be resolved in the U.S. District Court.

The District Court's Order acknowledged that contest of the rights to the artistic works, as follows: "*Defendant Believe, however, argues that Tender May, as*

---

[6] The statute states: "Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work…"

*a band, never transferred rights to any of its performances to Razin. In 2022, Russian courts decided that Razin in fact had no ownership rights in any of Tender May's works. In Believe's view, ownership rights to the subject songs are still being litigated in Russian courts and are in direct conflict with World Media Alliance's claims of ownership in the United States."* APP 6.

That is exactly why this dispute should be resolved in the U.S. District Court because the parties contest the ownership.

For example, in, *Pastime LLC v. Schreiber*, SDNY, 2017, 705 F.Supp.3d 95, the Court emphasized precisely a similar situation (a company alleged that holder's claim to own the copyright in the play and to being its sole owner was intentionally fraudulent...)  For an action to arise under the Copyright Act, the plaintiff's well-pleaded complaint must establish that the Act creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of law under the Act. 17 U.S.C. § 101 et seq. Ibid.  See *Otter Products, LLC v. Stage Two Nine, LLC*, 2019 WL 570642, *4, D.Colo.

That substantial question of law under the act is the resolution of who owns the copyright, which is a different and quintessential issue that the District Court should address and resolve.

WMA's claim and de facto Believe's counterclaim to assert the ownership rights consistent with a claim for declaratory judgment.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy," a federal court "may declare

the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  Declaratory judgment actions must satisfy the Article III case or controversy requirement just as any other case must. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239.  See also *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pacific Coal & Oil Co*., 312 U.S. 270, 273.

From the VC's substance, it is clear that a declaratory relief is asserted, even though it has not been singled out as a separate Count.  That can be cured by amendment, as requested.

## 12. DISTRICT COURT'S CONSIDERING ALLEGED DECISIONS OF RUSSIAN COURTS WAS NOT WARRANTED.

Believe never filed a Notice under FRCivP 44.1, "Notice under Rule 44.1. Determining Foreign Law." Namely, "*A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing*."  For that reason alone, the District Court should have ignored Believe's citing Russian courts' decisions that rely on Russian law.

In a surprising portion of the ruling, the Court apparently gave some credit to Believe's contention concerning Russian courts, stating: "*In 2022, Russian courts decided that Razin **in fact** had no ownership rights in any of Tender May's works. In Believe's view, ownership rights to the subject songs are still being litigated in Russian courts and are in direct conflict with World Media Alliance's claims of*

*ownership in the United States*." APP 6. The term "in fact" tends to show that the District Court actually showed its willingness to consider or give credit to the Russian courts' proceedings, of which WMA has never been put on notice.

From the context, it follows that the District Court considered and noted that allegation. WMA submits that this was in error; instead, the District Court should have ruled that it was not proper for an American Court to rely on any decisions of Russian Courts, particularly after February 24, 2022, when the Russian war against Ukraine began.

WMA, a Florida corporation, has always held that any decisions of the Russian courts, without WMA being summonsed as a party, are irrelevant and should not even be considered. Russia is currently at war with Ukraine, an ally of the U.S. Russia does not recognize American court decisions as a part of the Russian statutory law, and all bilateral cooperation in legal matters has been stopped. Even though this does not preclude American courts from recognizing the Russian courts' decisions without reciprocity, that is not warranted when a belligerent adversary has been subject to hundreds of sanctions of the U.S. One may not expect objectivity from such foreign courts. Surprisingly, Believe, a company registered in a NATO country, somehow purported to use Russian Courts.

It all boils down to who the true owner of the copyright is in this matter. That issue rests on the contract law between the performers, producers, directors, and entities that protect their interests.

If the dispute about who the owner sounds more like a state law claim, that does not erase jurisdiction in the U.S. District Court. A federal court has the discretion to exercise supplemental jurisdiction over claims that are incidental to federal question claims that are properly before the court and over which it would typically lack jurisdiction so long as the supplemental claims arise from "a common nucleus of operative fact" such that a litigant "would ordinarily be expected to try them all in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798, 803 (10th Cir. 1991). This jurisdiction extends to "claims having a factual and logical dependence so long as that "primary suit" has a sufficient and independent basis for federal jurisdiction. *Peacock v. Thomas*, 516 U.S. 349, 355 (1996). See *Gibbs*, 383 U.S. at 725; *Sullivan*, 930 F.2d at 803. A court may hear such supplemental claims; it is not obliged to. Id. (Supplemental jurisdiction as a "doctrine of discretion").

## 13. JURISDICTIONAL DISCOVERY SHOULD BE ALLOWED.

As stated above, Believe owns a subsidiary in the U.S., TuneCore, with headquarters in Brooklyn, New York. As the VC and records in that case show, this subsidiary of Believe SAS also has offices in Los Angeles and Nashville. APP 24. Based on all circumstances, Believe de facto operates in the U.S. market.

Believe could not explain in the Answering Brief why the District Court did not address the application for jurisdictional discovery in the Order of dismissal.

Appellants' verification by a computerized search suggests that no such ruling was made.

The application was made in unambiguous and concise terms in WMA's Memorandum, on 12 lines, with a separate section: "K. JURISDICTIONAL DISCOVERY AND EVIDENTIARY HEARING REQUEST.  APP 183.

The application was made with a citation of the case law: "Where there are disputes concerning jurisdiction, relief of an evidentiary hearing to resolve the issues of factual conflict on personal jurisdiction is proper." *Dickinson Wright, PLLC*, 244 So. 3d at 306, citing *Rizack v. Signature Bank*, N. A., 267 So. 3d 24 (Fla. 4th DCA 2019)." APP 183. When a contest of the facts concerning jurisdiction is apparent, a grant of jurisdictional discovery is warranted. *Funez v. CMI Leisure Management, Inc*. (SDFL, 2020), 482 F.Supp.3d 1252.  Ibid, APP 183.

WMA made a voluminous threshold showing. Moreover, WMA made a concrete request to allow 90 days for jurisdictional discovery. APP 183.

WMA submits it has shown that it could "supplement its jurisdictional allegations through discovery," *Wolf v. Celebrity Cruises, Inc*., 683, F. App'x 786, 792 (11th Cir. 2017)…, which would help "flesh out the defendant's role in carrying out activities in Florida," *Basaran v. Martin Data, LLC*, 2021 WL 9614107, at *7 (N.D. Ga. Apr. 9, 2021) (citing *Funez v. CMI Leisure Mgmt., Inc*., 482 F. Supp. 3d 1252, 1253 (S.D. Fla. 2020)… "Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts

that would support his allegations of jurisdiction" before a claim can be disposed of once and for all. *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). WMA was also entitled to an evidentiary hearing upon jurisdictional discovery. APP 183. None of that was, regrettably, addressed by the District Court.

## 14. LEAVE TO AMEND SHOULD BE GRANTED; BELIEVE SHOWED NO GROUNDS OTHERWISE.

Finally, the Court should have ruled on WMA's application for leave to amend, made in WMA's Opposition to the MTD, expressly in the subsection "L. UNDER THE CASE LAW, THE AMENDMENT SHOULD BE FREELY ALLOWED WHEN JUSTICE SO REQUIRES." (Capital letters retained). WMA argued: "Under Rule 15(a)(2), "The court should freely give leave when justice so requires." APP 184.

WMA's application was made on ten lines. However, the Court's ruling did not mention that application, essentially ignoring it without an explanation. That is inconsistent with the case law explaining Rule 15. The application was made in plain, concise terms in the Memorandum in Opposition to the MTD and should have been addressed. APP 184.

That alone should be a cause to reverse and remand. For example, following in the footsteps of Round Hill in New York, WMA should be able to discover the activities of Believe under the umbrella of its full subsidiary in the U.S., TuneCore, Inc. WMA expects to prove that TuneCore is nothing else than Believe's sham

subsidiary in the U.S., to avoid paying royalties in the U.S. and evade taxation, and should be treated as Believe itself, its parent.  APP 24 et al.

This Court reconfirmed weeks before this filing the applicable law that leave to amend should be "freely given" absent a showing of "futility of amendment." *Garfield v. NDC Health Corp*., 466 F.3d 1255, 1270 (11th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  *Catherine Lawing v. Carnival*, SDFL, Nov. 8, 2024, Slip Copy 2024 WL 4723114.

District courts have "extensive discretion" in deciding whether to grant a leave to amend. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Leave to amend need not be given "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

In this case, the Court did not rule that the amendment would be futile nor address the application to amend the complaint.  Respectfully, on that issue, the abuse of discretion is prima facie; namely, the District Court did not establish any ground to assess whether or not the amendment would be futile.  The Court's omission, in itself, should be interpreted as an abuse of discretion, leaving the parties and the Court of Appeals without any basis to address the grounds for denial of an amendment.

For example, Courts may grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are

intended to support which claim(s) for relief." *Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff has the burden to provide defendant with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2) was done in VC.

However, nothing like a "shotgun" pleading that is present in this case, the VC is detailed enough on the facts, satisfying the pleading requirements.

Markedly, the present matter is in contrast with a basis to dismiss when plaintiffs have not sought leave to amend these claims. See *Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").  Again, WMA expressly applied to amend the pleading.  APP 184.

### 15. DENIAL OF MOTION UNDER RULE 59(e) WITHOUT ANY EXPLANATION WAS NOT IN CONFORMITY WITH THE CASE LAW

Finally, WMA brought up the issue of jurisdictional discovery that the Order of Dismissal did not cover upon a Rule 59(e) Motion that was filed and was opposed. In particular, WMA argued in that Motion:

> "12. <u>The Error of no Leave of Amendment Subject to Jurisdictional Discovery.</u> WMA respectfully submits that it was an error not to allow amendment of the pleading, as requested in WMA's Opposition on November 27, 2023. Under Rule 15(a)(2), "The court should freely give leave when justice so requires." Id. There were no grounds to deny

amendment, such as frequently cited: "…undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing an amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." See *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would not be futile but WMA asks first for jurisdictional discovery. APP 226. For example, WMA is entitled to a copy of Believe's application for registration under DMCA, registered on February 6, 2023, what Believe stated in its application, registered before a U.S. federal office, the federal institution vested with the authority under two international treaties..."

Regrettably, the District Court denied the lawful Rule 59(e) Motion and did not address, again, any of the points concerning jurisdictional discovery or leave to amend. That Motion was denied without any memorandum of opinion by a mere ECF entry in the docket.

The Court of Appeals should rule that disposing without any memorandum of a lawful Motion under 59(e) that contained a detailed argument on 17 pages, with dozens of citations on the law, was an abuse of discretion. APP 220-227. Moreover, the Motion was verified. APP 228. Thus, it could be treated as a declaration, with the factual allegations confirmed under oath.

## CONCLUSION.

WMA respectfully submits that the District Court erred and respectfully abused its discretion not to formulate a ruling while not addressing WMA's application for jurisdictional discovery and to amend. Likewise, denying WMA's Rule 59(e) Motion without a memorandum or explanation was unusual. Respectfully, this Court should remand for an abuse of discretion. This Court should

disagree with such an approach to lawful motions and applications remaining

unaddressed or ignored. This Court should reverse and remand, with instruction, at

a minimum, to allow jurisdictional discovery and to amend VC.

Respectfully submitted,

Date: November 22, 2024

*/signed George Lambert/*

George Lambert, Esq.
The Lambert Law Firm Professional Corp.
DC bar 979327, FL bar 1022697, MA bar 568769
1025 Connecticut Ave., 1000 NW,
Washington, D.C., 20036
421 Poinciana Drive, #1422,
Sunny Isles Beach, FL 33160
Email: office.law.323@gmail.com
Tel. (305) 938 0600
Attorney for World Media Alliance Label Inc.

## CERTIFICATE OF COMPLIANCE

I hereby certify as follows:

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,473 words as counted using Microsoft Office Word 365.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-Point Times New Roman.

Dated: November 22, 2024

By: */s/ George Lambert*

## CERTIFICATE OF SERVICE

The undersigned certifies that the preceding is served on this day on the Appellee Defendant as follows:

Allison Sinclair Lovelady, Esq.
Shullman Fugate PLLC
Allison S. Lovelady
2101 Vista Parkway, Suite 4006
West Palm Beach, Florida 33411
Telephone: (561) 614-2592
Email: alovelady@shullmanfugate.com

Dated: November 22, 2024

*/signed/ George Lambert, Esq.*